**STATE of Missouri, Respondent,**

v.

**Robert Jerome McLARTY, Appellant.**

No. 55806.

Supreme Court of Missouri,
Division No. 1.

May 10, 1971.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Robert E. Buechler, St. Louis, for appellant.

BARDGETT, Judge.

Defendant was charged by information with two prior felony convictions and operating a motor vehicle without the owner's consent in violation of § 560.175, RSMo 1969, V.A.M.S., and, having been found guilty by a jury, was sentenced to three years in the department of corrections by the court. Defendant's motion for new trial having been overruled, he now appeals. The sufficiency of the evidence is not questioned.

Officer Bill Hawkins testified that on November 17, 1969, about 10:30 a. m., he and officer Rizzuiti, while patrolling on a street in St. Louis, observed an automobile ahead of them come to a stop and observed that there were no brake lights on it. The officers stopped the car. Defendant was the driver and lone occupant. The officers told defendant he had been stopped because the car had no brake lights and asked defendant for his driver's license and car registration. The defendant produced his driver's license and told the officers that the automobile belonged to a friend of his, but defendant could not furnish the friend's name, address or place of employment. The officers then ran a check on the serial and license numbers on the car and learned the car had been stolen on November 6, 1969.

The following sequence then occurred during the direct examination of officer Hawkins in the state's case:

"Q What did you do next or what happened next?

A At that time I advised Mr. McLarty he was under arrest for stealing over fifty, an automobile, and advising him of his constitutional rights, and he refused to make any statement.

MR. FLETCHER: I object to that, Mr. McLarty is not charged with stealing anything in this case.

THE COURT: Well, he told him he was under arrest, Mr. Fletcher. It's overruled."

Defendant called as a witness a stenographer who took down the testimony at the preliminary hearing in this case to impeach certain testimony of officer Hawkins. During the course of her direct examination, the stenographer testified that officer Hawkins had testified at the preliminary hearing, inter alia, as follows:

"Q Did you question him?

A After I advised him of the constitutional rights he refused to make a statement."

The car owner testified he did not know defendant and had never given defendant or anyone, other than his wife, permission to drive the subject car. He further testified, without objection, that when he saw

the car on November 17, 1969, at the police station the lock was broken off the glove compartment, the seat was ripped, and old tires were on the car. He was asked if anything had been taken from the car. Defendant objected on the grounds that whether or not anything was missing from the car was not an issue in the case. The objection and motion to strike were overruled. The witness then testified that the tires had been taken off and replaced with old ones, and a pair of fence stretchers, a hand saw and a jack were missing. The witness stated he had the keys to the car with him on the date defendant was arrested.

■ Defendant contends the court erred in permitting officer Hawkins to testify that defendant refused to make a statement after defendant was arrested and advised of his constitutional rights under the Fifth and Fourteenth Amendments, United States Constitution, and Art. 1, § 19, Missouri Constitution 1945, V.A.M.S. Silence on the part of accused after arrest or while in custody is inadmissible because he is under no duty to speak. State v. Phelps, Mo., 384 S.W.2d 616, 621.

■ However, the difficulty with defendant's position is that there was no objection made at trial to the testimony of officer Hawkins that defendant refused to make a statement. "Since the legal objection was not apparent from the question, it was not necessary for appellant to object prior to the witness's answer. But if appellant thought the answer was objectionable he should have moved to strike the answer out, stating the reason why the answer was inadmissible." State v. Battles, 357 Mo. 1223, 212 S.W.2d 753, 757. This he did not do but only objected to the portion of the answer relating to the reason the officer gave to the defendant as the basis for arresting him. Additionally, defendant elicited testimony in defendant's case from the stenographer, as set forth supra, that defendant, after being advised of his rights, refused to make a statement.

Having made no objection to the testimony during the state's case and thereafter having voluntarily elicited the same testimony in defendant's case, he has preserved nothing for review and cannot now complain. The point is ruled against defendant.

Next defendant complains the court erred in permitting evidence of other crimes in violation of defendant's right to be tried only for the offense alleged in the information. Photographs of the interior and exterior of the car were identified as accurately portraying the vehicle on the date defendant was apprehended and the car recovered. These exhibits were utilized by the auto owner during the state's case in giving a description of his car and in pointing out the differences in appearances that occurred during the time the car was missing. The witness testified, without objection, that the seat had been ripped, the lock had been taken out of the glove compartment, old tires were on the car, and the trunk lock was broken. The owner was then asked if anything had been taken from his car to which he answered, "Yes, sir", and thereafter defendant objected on the grounds that such was not an issue in this case. The court overruled the objection and motion to strike, and the owner then stated that the tires had been taken off and replaced with others, and that a pair of fence stretchers, a hand saw and a jack were missing.

■ The evidence pertaining to the tires was properly admitted as it bore upon the identification of the automobile by the owner as being his car and not the car of the "friend" of the defendant. Since there was no evidence connecting defendant with the taking of the fence stretchers, saw, and jack from the car, and the isolated testimony that these items were missing did not bear upon the issue of whether or not defendant was driving the car without the owner's consent, it should not have been admitted. However, defendant's contention that this evidence constituted proof of crimes separate and distinct from that with

which he was charged and was prejudicially erroneous warranting a reversal of the judgment cannot be sustained. The cases of State v. Holbert, Mo., 416 S.W.2d 129; State v. Garrison, 342 Mo. 453, 116 S.W.2d 23, and State v. Reese, Mo., 274 S.W.2d 304, cited by defendant, all involved extensive and direct evidence of the defendant's commission of separate and distinct crimes and substantial prejudice was found to exist. Here the testimony concerning the fact that three items were missing was rather innocuous and, having carefully reviewed the record, we hold that defendant suffered no prejudice thereby.

■ Defendant also complains that the testimony of officer Hawkins, "At that time I advised [him] he was under arrest for stealing over fifty, an automobile, * * *" was evidence of a separate and distinct offense and erroneously admitted. It is perfectly clear to us from the context in which this testimony was given that the reference was to the questionable possession and driving of the subject automobile by the defendant, and not as indicating that defendant had committed another crime. State v. Taylor, Mo., 408 S.W.2d 8, 11. The point is ruled against defendant.

■ Next defendant claims that the state's remark during closing argument, "Has he come in with any evidence to show you that there is a man who turned his car over to Mr. McLarty?", constituted a comment on defendant's right not to testify as secured by the Fifth Amendment to the United States Constitution.

The foregoing comment was made during the closing portion of the state's argument. Preceding this, defendant's attorney argued to the jury that defendant had received permission to drive the car from another person, not the owner, and that defendant could have justifiably and honestly believed that the person allegedly giving defendant permission to have the car had the right to do so. Defendant argued that such a person did exist. The person's identity, however, was known only to defendant and consequently the "friend" was a witness peculiarly available only to defendant and not to the state.

We hold that the state's argument was proper comment on the defendant's failure to call as a witness a person—"his friend" —who defendant claims actually existed, to support his position that he did receive permission to drive the subject car, as well as being proper in retaliation to defendant's argument. State v. Hampton, Mo., 430 S.W.2d 160.

The judgment is affirmed.

All of the Judges concur.