**STATE of Missouri, Respondent,**

v.

**Daniel McROBERTS, Appellant.**

**No. 57038.**

Supreme Court of Missouri,
Division No. 2.

Oct. 9, 1972.

---

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Terry J. Flanagan, Clayton, for defendant-appellant.

HOUSER, Commissioner.

Appeal by Daniel McRoberts from a judgment of conviction and 8-year sentence entered upon a jury verdict of guilty on a charge of robbery in the first degree. This Court has jurisdiction under § 3, Art. V, Constitution of Missouri, 1945, V.A.M. S., as provided by that section prior to the amendment adopted at the special election of August 4, 1970, since the notice of appeal was filed prior to January 1, 1972. Art. V, § 31.

The State's evidence tended to prove that about 6 o'clock a. m. on September 13, 1970 on a public street in the City of St. Louis an automobile containing four young negro males stopped near one Ralph Collier, who was waiting for a bus; that one of the four alighted from the automobile and after some conversation knocked him down; that two others alighted from the automobile and the three kicked Collier in the head repeatedly and robbed him of a ten dollar bill, a wristwatch, a cigarette lighter, and other personal effects. Collier reported the crime to the police. A radio dispatch resulted in the quick detention of an automobile and four young males

matching the description broadcast. Appellant McRoberts was driving the automobile at the time it was stopped by the police. He was wearing the wristwatch and carrying Collier's ten dollar bill and lighter in his pocket.

■ The bloodstained shirt Collier wore at the time in question was introduced in evidence and exhibited to the jury over objection that it was highly inflammatory. Citing State v. Pearson, Mo.Sup., 270 S.W. 347, appellant claims that this exhibit should have been excluded because it did not connect the accused with the crime, threw no relevant light on a material matter at issue and in no way aided the jury in determining any of the issues. In the Pearson case "bloody garments were repeatedly and dramatically paraded before the jury and used in the State's closing argument to fan the flames of prejudice against the defendant." State v. Evans, Mo.Sup., 237 S.W.2d 149, l. c. 152[5]. No undue emphasis was placed upon this garment. It was not used in a manner calculated to arouse prejudice. There was only one brief, passing reference to the garment in the State's argument to the jury. Such demonstrative evidence is admissible if it throws any relevant light upon a material matter at issue. State v. Evans, Mo.Sup., 406 S.W.2d 612, 617[5]. It is a matter resting within the sound discretion of the trial judge. No abuse of discretion appears. One issue was whether the victim was robbed by force and violence to his person. Collier testified that after the assault he was bleeding from his ear. The exhibit was admissible to substantiate this testimony and show the manner of the assault, State v. Swiney, Mo.Sup., 296 S.W. 2d 112, 115[6], and the amount of force and violence employed.

■ One of the arresting officers testified that when he and his fellow officer approached the automobile in which the four suspects were riding, after stopping it, he noticed that the trunk lock was "punched out," i. e., the lock was gone— there was "just a circle there." Asked what significance this had to the witness as a police officer he was permitted to testify over objection on the ground of immateriality that " * * * when cars are usually stolen, the trunks are, especially on Chevys, the trunks are punched out to get in the trunk." Appellant makes the point that this evidence was irrelevant and immaterial and constituted an attempt to inject an unfair insinuation constituting prejudicial error; that it presented evidence not related to the offense charged and had a dangerous tendency and misleading probative force. Although appellant does not specifically say so, we take it that his real complaint is that the officer's testimony insinuated that the automobile was a stolen vehicle, and thus tended to prove the commission of another and independent crime. If this testimony tended to prove that the car was a stolen car it was "competent to prove preparations beforehand of means by which a contemplated crime may be committed and escape made, even though such evidence tends to prove the commission of another and independent crime. [Citing cases.] The possession by defendants of the stolen automobile, their possession of the stolen money, and their carrying it away in the automobile, connected the two crimes; they were so related that proof of one tended to prove the commission of the other by the same parties." State v. Prunty, 276 Mo. 359, 208 S.W. 91, 96[7]. If the officer's testimony is not taken as evidence of the fact that the automobile was a stolen vehicle, then it had no bearing on the issue of robbery vel non and should not have been admitted. In that view of the testimony the reference, while technically inadmissible, was innocuous in nature and on the whole record constituted harmless error. State v. McLarty, Mo.Sup., 467 S.W.2d 58, 60, 61[4].

■ Officer Hawkins' testimony that there came out over police radio a description of a blue Chevrolet with a license plate that was very close to the license

plate on the automobile detained was properly admitted in evidence over objection that what was broadcast over the radio was hearsay. This evidence was not introduced for the purpose of proving the truth of the matter asserted (namely, that a blue Chevrolet with that license number was the automobile actually involved in the robbery) but rather for the purpose of further explaining the basis for the officers' conclusion that they had probable cause to search the automobile and its occupants. Nash v. United States, 8 Cir., 405 F.2d 1047, 1052, 1053[7]; United States v. Anost, 7 Cir., 356 F.2d 413, 417, 418[5, 6].

Officer White's testimony that a communication came over the police radio describing the robbery, an automobile and a license number was properly admitted for the same reasons. And see State v. Barnes, Mo.Sup., 345 S.W.2d 130[1].

No error appearing, the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.