**STATE of Missouri, Plaintiff-Respondent,**

v.

**Richard Lee THOMAS, Defendant-Appellant.**

No. 36089.

Missouri Court of Appeals, St. Louis District, Division Four.

Aug. 5, 1975.

Charles D. Kitchin, Public Defender, John F. Bauer, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Preston Dean, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Henry J. Fredericks, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Chief Judge.

Defendant was tried and convicted by a jury of (1) Arson of a motor vehicle, (2) Arson of a dwelling house occupied by human beings, and (3) two counts of murder first degree arising from the deaths as a result of the fire of two persons in the house. Defendant was sentenced to three concurrent life terms and one concurrent five-year term. He appeals.

Defendant raises seven points of error. Two of them raise either directly or indirectly[1] the sufficiency of the evidence to support the convictions. We therefore review the facts and reasonable inferences supportive of the verdicts.

On May 19, 1973, in the early morning, a fire occurred in a four-family flat owned by one Patrick Schaefer. One of the upstairs flats was rented to Nada and Edward Hutson. Sleeping in that flat on that night were (1) Mr. and (2) Mrs. Hutson, (3) David Talley (Mrs. Hutson's 14 year old son by a prior marriage), (4) Eddie Hutson, Jr., and (5) Herbert Hutson (sons of Edward Hutson), (6) a friend of the latter two, (7) Caroline (Edward Hutson's daughter) and (8) her baby, (9) Anna Mauerer (an elderly, senile, non-relative who paid room and board) and (10) defendant (a friend of the family). David Talley was fourteen and was afflicted with a disease from birth which caused him to attempt to mutilate himself. It was therefore necessary for his hands to be tied to his wheelchair during the day and to his bed at night. Defendant had helped tie him in on the night of the fire.

■ The fire of the motor vehicle charged in Count I occurred while the motorcycle was outside the house chained to the porch. As Mr. Hutson was escaping from the burning house he noticed that the gas cap (which had previously been in place) had been removed from the motorcycle and a piece of rag stuffed into the opening, which was burning. He extinguished that fire with a bag of some sort. The fire in the house started in the basement. Much evidence was adduced of the conditions found in the basement after the fire and the pattern of burning. Substantial expert testimony was given that the fire was deliberately set. There was also substantial evidence that eliminated some other possible causes. The fire burned rapidly and caused heavy smoke and heat in the second story of the flat. There was further expert testimony that a second fire, again deliberately set, was started in the hall of the second floor near the door where defendant and David Talley were sleeping. There was evidence that Mr. Hutson's dogs, which would always bark at strangers, were silent on the night of the fire. When the fire was discovered all occupants of the second floor escaped except Anna Mauerer, found in the bathroom, and David Talley, found still tied in his bed. Both were pronounced dead upon arrival at the hospital, and an autopsy determined the causes of deaths to be smoke

---

1. One point challenges the establishment of the corpus of the crimes and thereby the admissibility of defendant's confession.

inhalation, intense heat and carbon monoxide poisoning. Both deaths were caused by the fire.

The evidence above set forth is sufficient to establish the corpus of the crimes charged. If believed, it warrants the conclusion that a fire in the dwelling house occupied by human beings was started by the criminal agency of someone, and that that fire caused the deaths of Anna Mauerer and David Talley. It also warranted the conclusion that a fire was started in the motorcycle by the criminal agency of someone.

■ While at the hospital under treatment for first and second degree burns defendant admitted having started the fires in the motorcycle and the basement. This confession was made in the presence of two police officers and the hospital chaplain, Father Zoeller. No attack is here made upon the voluntariness of the confession, and the evidence supports the conclusion that it was knowingly and voluntarily given. While there are certain inconsistencies between the confession and certain other testimony concerning the two fires in the house and the circumstances of defendant's escape and subsequent conduct, those inconsistencies do not destroy the probative force of the confession. They may be explained in part by testimony that defendant had been drinking shortly before the fires. Resolution of these inconsistencies was for the jury. The evidence was sufficient to support the verdicts.

On opening statement the prosecutor stated that Edward Hutson would testify that "within this period of about a year and a half since this defendant came from California there had been about half a dozen or six fires there at this house . . . [t]he evidence will further show that each time there was a fire there this defendant was on the premises." Objection to these statements was overruled on the basis that they fitted within the intent and pattern exceptions to the rule against evidence of other crimes. During the trial no evidence to support these statements was adduced nor was any attempt made to adduce such testimony. No motion to strike the previous statements or to declare a mistrial was made after Edward Hutson testified, at the conclusion of the State's case, or at the conclusion of the entire case. No charge of bad faith on the part of the prosecutor was ever made.

■ The purpose of an opening statement is to outline what is to be proved at trial. It is, and was here, prefaced with an admonition that the jury not consider its content as evidence. It is not required that the opening statement set forth every detail of the evidence to be offered or establish precisely how each piece of evidence referred to will be established. In fact, it "should be brief and general, rather than detailed, and should be confined to statements based on facts which can be proved and should not include facts which are plainly inadmissible." *State v. Feger,* 340 S.W.2d 716, 724 (Mo.1960) [12–16], quoting 23A C.J.S. Criminal Law § 1085. If evidence referred to is arguably admissible, if the prosecutor acts in good faith and with reasonable grounds for supposing that he will be able to show the facts stated, then it is not error to include the evidence in the opening statement. See *State v. Horn,* 498 S.W.2d 771 (Mo.1973) [1]. We cannot presume bad faith and no charge of such is here advanced. See *State v. Feger, supra,* 340 S.W.2d at 724–725 [12–16]. Defendant contends rather that the evidence referred to was not even arguably admissible.

■ It is a rule of law that evidence of other crimes may not be shown except in limited circumstances. While the exceptions cannot be stated with categorical precision they involve situations where the evidence of other crimes has a legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. *State v. Wilson,* 320 S.W.2d 525 (Mo.1959)

[1]. Generally speaking those exceptions include evidence which tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; and, (5) the identity of the person charged with the commission of the crime on trial. See *State v. Wilson, supra.* In sexual crimes evidence of other acts of the same character may ordinarily be shown as corroborative evidence to show a disposition upon the part of the accused tending to support the specific charge. See *State v. Kornegger,* 363 Mo. 968, 255 S.W.2d 765 (1953) [7, 8].

■ The statement of the prosecutor here did not set forth what nexus the State expected to establish between the six fires and defendant except defendant's presence. Some additional nexus would have been required before the evidence referred to would have been admissible during the trial. See *State v. Bersch,* 276 Mo. 397, 207 S.W. 809 (1918) [11]. But we are not dealing with evidence admitted but with an opening statement of expected evidence which need not detail all the evidence. There is no apparent motive in this case for the defendant to have committed the crime with which he was charged. Motive, of course, is not a required element of the crime, but it is an important fact to a jury and it provides one of the exceptions to the rule against evidence of other crimes. Arson, like certain sexual crimes, is sometimes the product of a personality aberration and knows no other motive. Evidence of a history of pyromania is at least arguably admissible to establish a motive in a specific case. *State v. Hopkins,* 117 Ohio App. 48, 189 N.E.2d 636[3] (1962); *State v. Peabody,* 320 A.2d 242[4–5] (Me.1974); *State v. Bersch, supra,* 207 S.W. at 814[11]; Anno. 87 A.L.R.2d 891. With proper development such evidence might establish incendiary nature of the fire, intent, or common scheme. *State v. Koch,* 322 Mo. 106, 16

S.W.2d 205[4–6] (1929); *State v. Ritter,* 288 Mo. 381, 231 S.W. 606[3, 4] (1921). In that posture we cannot hold that error was committed in permitting the statements made.

■ Since no bad faith of the prosecutor was charged we cannot premise error upon that basis. Nor do we intend to speculate why relief was not sought at a later point in the trial when the evidence referred to was not in fact presented. Trial strategy may have been involved. At any rate, we do not conclude that it was the burden of the trial court to act *sua sponte* during the trial. There are substantial double jeopardy problems present in mistrials declared upon the court's own motion. *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). We find no prejudicial error in the trial court's handling of this matter. By our holding here we in no way condone or encourage an attempt by the prosecutor to place before the jury in opening statement inadmissible or unprovable facts to prejudice the defendant. Where the record establishes such we will deal with it. The record does not support such a conclusion here.

■ Defendant contends that a statement by the prosecutor during closing argument was so prejudicial as to require declaration of mistrial upon the court's own motion. Objection to the argument was sustained and it was ordered stricken but no mistrial was requested by defendant. We do not find the statement to have been sufficiently prejudicial to have warranted a mistrial, had one been requested; it was certainly not serious enough to call for the action *sua sponte.*

■ Defendant premises error upon the refusal of the trial court to give defendant's proffered instruction on accident, carelessness or natural causes. Defendant is entitled to an instruction on any theory the evidence tends to establish. *State v. Shivers,* 458 S.W.2d 312[4] (Mo.1970). MAI–CR 2.26 (defendant's proffered in-

struction) must be given whether requested or not "*If there is evidence to support it.*" See MAI–CR 2.26, Notes on Use, para. 1. The only evidence which is mentioned by defendant to support such an instruction was that varnish, paint, and old clothing were present in the basement. No evidence at all warranted even an inference that such presence started the fire in the basement. All the evidence, completely undisputed, was that the fire was deliberately set. There was no evidence to support the instruction and it was not necessary to give it.

 By apparent inadvertence the jury was instructed on Count I (the arson of the motorcycle) by use of MAI–CR 7.04 entitled "Arson under Section 560.020." Defendant was actually charged with violation of § 560.025 for which MAI–CR 7.06 is the proper instruction. But 7.06, as it appears, covers only one of three possible violations of § 560.025, not the one charged here. The "Notes on Use" state it may be adapted to cover the other two violations if desired. Such adaptation to cover the offense here charged would give an instruction identical to that set forth in 7.04 as to the substantive elements of the crime. Here those elements of the crime all were correctly stated in the instruction given. There is no prejudice in the technical variation.

The instruction did present an erroneous range of punishment. Section 560.-020 carries a range of 2 years to 10 years; Section 560.025 carries a range of 2 years to 5 years. The jury verdict was 10 years which the trial court reduced to 5 years. The trial court's correction of the sentence was not prejudicial to defendant (see *State v. Miller,* 324 Mo. 36, 292 S.W. 440 (1927) [12, 13], § 546.430, RSMo 1969) and cannot be considered a usurpation of the jury's power under the circumstances here.

Judgment affirmed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.