STATE of Missouri, Respondent,

v.

Thomas GREEN, Appellant.

No. 39682.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 3, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 15, 1978.

Robert C. Babione, Public Defender, James B. Ashwell and Sara T. Harmon, Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto and Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Judge.

Defendant appeals his conviction and seven-year sentence for burglary under the Second Offender Act. He complains of (1) insufficient evidence of burglary, (2) erroneous admission of hearsay evidence, (3) insufficient identity as a second offender and (4) failure to take judicial notice of a telephone book listing other persons of the same name. We affirm.

The state's evidence: Police officers Ray and Wondracheck received a "burglary call" for an old building. There they found a door broken into on the side of the building; inside they found a disheveled interior. Defendant and his companion were running down the steps from the second floor. The building superintendent and a co-owner testified neither knew defendant nor his companion, nor had they given permission to be in the building. They further testified water fountains had been torn from the walls and supplies stored in the building had been moved toward the elevator. Defendant offered no evidence.

In determining evidentiary sufficiency we construe it in a light favorable to the state. We decide only whether the credible evidence was sufficient to support the verdict. *State v. Achter*, 514 S.W.2d 825 (Mo.App.1974). So considered, the evidence showed defendant was engaged in the burglary. We cannot say as a matter of law the jury could not reasonably have so found, so we deny defendant's first point.

Defendant next contends he was prejudiced by a hearsay statement by Officer Ray that by radio he "got a call for burglars in the building." Generally, the hearsay rule excludes extrajudicial statements offered to prove the truth of the statement asserted. The rule is subject to an exception when the statement is offered not to prove its truth but merely to explain subsequent conduct of the person who made it. *State v. Trotter*, 536 S.W.2d 877[3] (Mo.App.1976). The officer's statement was within this exception, since it was offered not to prove there were burglars in the building but only to explain why he went there. Compare *State v. McRoberts*, 485 S.W.2d 70[4] (Mo.1972).

Defendant challenges the trial court's finding that it was he who had a prior conviction under the Second Offender Act, § 556.280, RSMo 1969. Out of the jury's presence evidence was received concerning the allegation of defendant's prior felony conviction. A deputy circuit clerk read minute entries of the prior case from the court's record book. One entry showed that a Thomas Green had pleaded guilty to second degree burglary and had been sentenced to three years' imprisonment. Also received in evidence was a certified transcript of prison records showing Thomas Green's physical description. The court found that defendant was the same Thomas Green.

Not only is the identity of names sufficient *prima facie* evidence to prove identity (*State v. Cook*, 463 S.W.2d 863[6–8] (Mo.Sup.1971)), but the trial court had before it for comparison Thomas Green's physical characteristics described in the penitentiary records. And, we may consider defendant's failure at trial to refute the alleged identity. *State v. Davis*, 367 S.W.2d 517[11] (Mo.1963). The court did not err in applying the Second Offender Act.

Finally, defendant claims error in the trial court's refusal, on his cross examination of the deputy circuit clerk, to admit into evidence a St. Louis telephone directory, contending the trial court erred in refusing to take judicial notice of the directory. Still challenging proof of his identity as a prior felon, defendant *now* contends he could have shown there were eleven "Thomas Greens" listed there, but at trial defendant made no offer of proof as to the apparent relevancy of the telephone directory. Failure at trial to make an offer of proof on a collateral issue defeats a claim of error, since without the offer of proof the issue's relevancy is not ascertainable by the trial

court. *State v. Whiteaker,* 499 S.W.2d 412[4] (Mo.1973).

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.