**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Leon LEWIS, Defendant-Appellant.**

**No. 39628.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 12, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1979.

David M. Johnson, Hayes & Heisler, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Michael W. Flynn, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury for second degree burglary and stealing. Under the Second Offender Act the court assessed his punishment at seven years imprisonment for burglary and five years for stealing, the sentences to run concurrently. On appeal, defendant asserts that the trial court erred in two instances: (1) in denying defendant's motion for a directed verdict of acquittal, because the state failed to make a submissible case; and (2) in admitting over defendant's objection hearsay evidence that the Harris Cab stand was dealing in stolen property. We affirm.

On the evening of September 15, 1976, Dr. and Mrs. Maurice Collins returned home after dining out and discovered that their home had been burglarized and ransacked. They noted that a color T.V., fur stole, camera, silver candlesticks, and several other items had been stolen.

At approximately 9:20 p. m. that same evening, Detectives Dehntjer and Jablonski of the St. Louis Police Department had a Harris Cab stand under surveillance when they observed a car carrying three men approach the cab stand, discharge one rider, and then park. When the discharged rider returned from the cab stand building, the defendant got out of the car and proceeded to the trunk where he handed the other man a set of keys. After opening the trunk, these two men began to remove shopping bags from the car. At that time the two detectives approached the car, identified themselves as police officers, and observed the defendant return his bag to the

trunk and step back from the trunk. The officers noted a fur stole in one of the bags, several other items in the trunk, and a T.V. set in the back seat of the car. When questioned as to the ownership of these items, all three of these men denied knowing anything about the property. After these men and the property were taken to the police station, all but four items of property—three tire-tools and a pair of gloves—were identified by Mrs. Collins as having been taken from her home.

Defendant denied to the officers that he had any knowledge of the stolen property and claimed that he had not arrived at the cab stand with the others. Other than being apprehended as described above, there was no other tangible evidence linking the defendant to the scene of the crime.

At trial, when asked why he and his partner were conducting a surveillance of the Harris Cab stand, Detective Dehntjer testified, over objection, "We received information from our Intelligence Unit advising us that the Harris Cab stand was dealing in stolen property and gambling." Defendant's objection to the question on the basis of relevancy was overruled, as was defendant's objection to the answer as hearsay.

■ In his first point on appeal, defendant asserts that the court should have granted his motion for directed verdict of acquittal, because the state showed only *joint* possession of recently stolen property, which is not, by itself, sufficient to support a conviction for the stealing of that property. *State v. Farmer*, 490 S.W.2d 72 (Mo. 1973); *State v. Watson*, 350 S.W.2d 763 (Mo.1961); *State v. Potter*, 560 S.W.2d 29 (Mo.App.1977). Our review of defendant's contention requires us to consider whether on the basis of the evidence offered a jury could reasonably have found defendant guilty, viewing the evidence in the light most favorable to the state. *State v. Thompkins*, 515 S.W.2d 808, 812 (Mo.App. 1974).

If joint rather than exclusive possession is shown, there must be some evidence of defendant's guilt other than the inference of guilt raised by the possession, in order for the conviction to be sustained. *State v. Farmer*, 490 S.W.2d 72 (Mo.1973); *State v. Watson*, 350 S.W.2d 763 (Mo.1961). We believe that there was such other evidence to make a submissible case.

■ The evidence showed not simply that defendant was found in an automobile containing stolen property, but rather that defendant had in his possession the keys to the trunk (though he was not driving), that he was holding one of the shopping bags in his personal possession as the police approached, that the contents of the bag were visible to defendant, and that as the police announced themselves, defendant placed the bag back in the trunk and "kind of stepped away from the trunk area." We need not decide whether the simple lifting of the bag from the trunk is sufficient to support a finding of exclusive possession; clearly the state presented a clear case of joint possession which when coupled with the other circumstances of the case was sufficient to support a conviction of guilt. This is not a case of mere passive presence with stolen property; the defendant was actually handling the property and exercising affirmative action toward it. Compare *State v. Watson*, 350 S.W.2d at 767, and *State v. Gonzales*, 533 S.W.2d 268, 273 (Mo. App.1976). We rule this point against defendant.

■ We also reject defendant's second point in which he asserts that the court improperly admitted Detective Dehntjer's statement that he and his partner had received information that the Harris Cab stand was the locus of transactions in stolen property. Defendant contends that this statement was hearsay and its admission prejudicial.[1] However, this statement was *not* offered to prove the truth of the matter asserted therein—that the cab stand was a fencing location—but rather as background

1. Although defendant also objected on the grounds of relevancy to the state's question

preceding Detective Dehntjer's statement, he did not raise this relevancy ground on appeal.

of the subsequent activities of the officers. *State v. Bright*, 269 S.W.2d 615, 623 (Mo. 1954). Such evidence offered to show the basis for the police conduct was not hearsay and was not subject to exclusion on that basis. *State v. McRoberts*, 485 S.W.2d 70, 72–73 (Mo.1972); *State v. Kern*, 447 S.W.2d 571, 577 (Mo.1969).

Judgment affirmed.

CLEMENS and GUNN, JJ., concur.