STATE of Missouri,
Plaintiff–Respondent,

v.

Joseph GIANNINI, Defendant–Appellant.

No. 41223.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 12, 1980.

Rehearing Denied Oct. 17, 1980.

Daniel P. Reardon, Jr., St. Louis, for defendant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff–respondent.

WEIER, Judge.

From a conviction of arson of private property, § 560.025, RSMo 1969, the defendant Joseph Giannini has appealed asserting error in the conduct of his trial. We affirm.

The facts favorable to the verdict establish that on the morning of April 3, 1978, at approximately 2:24 a. m., Officer Albert Thompson of the St. Louis Metropolitan Police Department was patrolling in his squad car near 5616 Pershing Avenue. In the rear of an apartment complex at that address he observed two men in the back seat of a 1978 Oldsmobile Cutlass. The Oldsmobile, which was the property of McKelvey–Kessler Oldsmobile, had been leased to George Nicolou. When Officer Thompson turned his spotlight on the auto, the two men began to flee. As the policeman ran past the vehicle in pursuit of the subjects, he observed a fire on the floor board of the rear passenger compartment where the suspects had been originally spotted. Officer Thompson apprehended one of the men, James Leonard, and observed the other man, whom he later identified as the defendant, running down Pershing west toward DeBaliviere. When the officer returned to the police car, with Leonard in custody, the Cutlass was engulfed in flames, giving off the odor of burning kerosene. Defendant was later arrested, tried and convicted by a jury. Punishment was assessed at four years imprisonment.

Both of defendant's points of error are evidentiary challenges. His first claim is that hearsay evidence was admitted which denied his sixth amendment right to confront witnesses. His second point is that evidence of defendant's separate crime of the stealing of the Cutlass on the previous day was erroneously admitted because it was irrelevant and denied him a fair trial. We disagree with both of defendant's contentions.

The charge of error in the admission of hearsay evidence arises out of Officer Thompson's statement that James Leonard had told him that Joseph Giannini was with Leonard. This point is without merit.

■ Hearsay is an out–of–court statement offered to prove the truth of the matter asserted. *Giessow v. Litz*, 558 S.W.2d 742, 750[15] (Mo.App. 1977). In the present case, Officer Thompson had testified that the reason he had not gone to investigate the facts as to the identity of the accomplice at Archway House, a youth rehabilitation center near the scene of the crime and residence of the accomplice James Leonard, was that Leonard had told him that defendant Giannini was the person who was with him. Counsel for defendant had asked Officer Thompson four times whether he had investigated if someone other than Leonard had signed in at Archway House. Defense counsel was apparently trying to raise the inference that the other participant was also a resident of the rehabilitation center and to discredit Officer Thompson's thoroughness in handling the immediate investigation. Officer Thompson's statement that Leonard had identified defendant as the accomplice is an out–of–court statement, but it was not offered to prove the defendant actually was at the scene of the crime, but rather was offered to explain the officer's conduct in not investigating whether anyone had signed in or out of the halfway house that morning. As such, the statement did not constitute hearsay and the trial court committed no error in admitting the statement.[1]

■ Defendant's other point is that the trial court erred in admitting into evidence proof of separate and independent crimes other than that charged in that such evi-

---

1. For three examples of situations where out–of–court statements were admitted, not to prove the truth of the matters asserted, but to explain police conduct, see *State v. McRoberts*, 485 S.W.2d 70, 72–73[4] (Mo. 1972); *State v. Lewis*, 576 S.W.2d 564, 566[4] (Mo.App. 1978); and *State v. Green*, 575 S.W.2d 211, 212[4] (Mo.App. 1978).

dence was not relevant and its admission denied the defendant a fair trial.

The evidence challenged here was the testimony of George Nicolou that he had been beaten and robbed of his Oldsmobile Cutlass on April 2, 1978, the day before the arson took place, by Joseph Giannini and another man. We agree with the State's contention that the evidence is relevant and there was no error in the admission of the evidence of the robbery.

The general rule in this jurisdiction is that proof of the commission of a separate crime is not admissible unless it had a legitimate tendency to directly establish the defendant's guilt of the crime charged. *State v. Quigley*, 591 S.W.2d 740, 742–743[2] (Mo. App. 1979). Evidence of another crime is, however, competent to prove the specific crime charged when it tends to establish motive, intent, absence of mistake or accident, common scheme or plan, or the identity of the person charged with the commission of the crime for which he is on trial. *State v. Mitchell*, 491 S.W.2d 292, 295[1] (Mo.banc 1973); *State v. Harlston*, 565 S.W.2d 773, 780[11] (Mo.App. 1978).

In the instant case the motive exception is clearly met. Proving that an individual stole a car one day provides a logical reason why he would want to destroy it another day. Fingerprints, strands of defendant's hair, or any other varieties of real evidence went up in flames with the car, never to haunt defendant in a court of law when he is charged with the robbery. It is also obvious that the "identity" and "common scheme" exceptions are also applicable.

The judgment is affirmed.

STEWART, P. J., and SNYDER, J., concur.