**STATE of Missouri, Respondent,**

v.

**Jose Palmero LANTIGUA, Appellant.**

**No. 45644.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 5, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 19, 1983.

Application to Transfer Denied
June 30, 1983.

Joseph Downey, Public Defender, Henry Robertson, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

On trial for second degree murder defendant Jose P. Lantigua was jury-convicted and sentenced to 25 years in prison. He appeals.

Defendant claims error on two evidentiary issues: Over hearsay objection the court allowed a police officer to testify he had been looking for and found and arrested a man who had been described in a police radio broadcast. And, in rebuttal the court allowed the state to use a witness who should have been but was not excluded from the courtroom.

The state's substantive evidence is unchallenged. In sum it was that the one-armed defendant began an affray with companions, accusing them of stealing his food. During this the decedent entered the fray and helped others restrain defendant who then killed the victim with two deep stab wounds.

Defendant testified another had done the stabbing.

As said, defendant claims error in allowing the arresting officer to testify over defendant's hearsay objection. The officer had arrested defendant after hearing a police radio broadcast that a one-armed Cuban was wanted for the homicide.

Here defendant relies on the robbery case of *State v. Kirkland,* 471 S.W.2d 191 (Mo. 1971). It differs from our case. There an investigating police officer testified over hearsay objection that he had phoned a woman who reported that defendant had taken a cab just before its driver was robbed. Distinguishing *Kirkland* in *State v. Brooks,* 618 S.W.2d 22, 25–26 (Mo. banc 1981), the *Brooks* court held that in *Kirkland* the state had relied heavily on the hearsay testimony to identify the defendant.

And, the *Brooks* court added: "Under this rule the triers of fact can be provided a portrayal of the events in question, more likely to serve the ends of justice in that the jury is not called upon to speculate on the cause or reasons for the officer's subsequent activities." *State v. Brooks,* 618 S.W.2d at 25.

■ A defendant claiming error in reception of evidence has the burden of showing both error and prejudice. *State v. Williams,* 606 S.W.2d 254[4] (Mo.App.1980). Here we find no prejudice.

Aside from the arresting officer's challenged testimony, two eye witnesses saw defendant stab the victim. Two others testified defendant told them he had killed a man. Where there is such strong independent evidence of guilt, a court may regard the challenged hearsay as harmless error, if any. *State v. Montgomery,* 571 S.W.2d 784[7, 8] (Mo.App.1978); *State v. Bellah,* 603 S.W.2d 707[4] (Mo.App.1980).

■ We deny defendant's hearsay challenge and consider his other point. At defendant's request the court had ordered state's witnesses excluded except when testifying. Officer Delgado had acted as interpreter assisting the state.

When defendant testified, he said that when arrested he talked to Officer Delgado, telling him it was state's witness, Verrillo, who had killed the victim. Then in rebuttal, Officer Delgado was permitted, over defense objections, to deny defendant had made that statement.

The officer's challenged testimony was pure rebuttal, refuting defendant's testimony about having told the officer it was Verrillo who had killed the victim.

Enforcement of the rule excluding witnesses from the court room is a matter for the trial court's discretion. *State v. Newman,* 579 S.W.2d 678[1] (Mo.App.1979). For a discussion of the broad range of that discretion see *State v. Bynum,* 508 S.W.2d 216[1–4] (Mo.App.1974). We hold the trial court did not abuse its discretion in admitting the officer's rebuttal testimony.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.