**STATE of Missouri, Respondent,**

v.

**Murl LUSHER, Appellant.**

**No. WD 37146.**

Missouri Court of Appeals, Western District.

Feb. 4, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

Application to Transfer Denied May 13, 1986.

William D. Farrar, Kirksville, for appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J. Presiding, and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge Presiding.

Murl Lusher was convicted by a jury of the offense of receiving stolen property and was sentenced to a term of three years. On this appeal, the sole point of error contends no submissible case was made.

The incident leading to prosecution of appellant was the theft from one Fraser of a number of fence posts. Testifying for the state, Fraser described a meeting with appellant in which appellant's assistance was enlisted to recover the posts. At the time, Fraser did not suspect appellant of stealing the posts but believed appellant would be able to learn who the thief was and make arrangements to have them returned. As the meeting concluded, appellant told Fraser he would do what he could to locate the stolen property.

The next day, according to Fraser, appellant contacted him and reported that he

had learned who had taken the posts, but because they had been resold, a payment to reimburse the buyer would be necessary before they could be returned. After some negotiations, a price was agreed and Fraser gave money to appellant to make the exchange. In due time, appellant returned with the fence posts and handed them over to Fraser.

Appellant argues the above evidence is not sufficient to prove he received the fence posts for the purpose of depriving Fraser of his lawful interest in them. He says the evidence merely showed he received the property from the thief for the purpose of returning it to the owner, Fraser. Moreover, he says the money paid by Fraser was not for the purpose of enriching appellant but to facilitate recovery of the property.

Section 570.080, RSMo. 1978 provides: "A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen."

■ An essential element of the state's case against appellant was proof that appellant had the intent, at the moment he received the stolen property, to deprive the owner, Fraser, of his lawful interest. *State v. Jones*, 646 S.W.2d 120 (Mo.App. 1983). That intent may be inferred from the facts, *State v. Ciarelli*, 366 S.W.2d 63, 68 (Mo.App.1963), and could be proved by evidence that appellant was himself the thief or, that he intended to return the property to the owner only upon payment to appellant of a reward or compensation. *State v. Davis*, 607 S.W.2d 149 (Mo. banc 1980).

■ We evaluate the evidence in this case, in light of the jury verdict, by accepting as true all evidence and inferences which support the verdict and disregard evidence and inferences to the contrary. *State v. Brooks*, 618 S.W.2d 22 (Mo. banc 1981). Even by this standard of evaluation, it is apparent the state made no case against appellant because there was no proof appellant had the intent required in the crime of receiving stolen property.

The intent at issue is, as the statute specifies, that of depriving the owner of a lawful interest in the property. Section 570.010(8), RSMo.Supp.1984 defines deprive as:

"(a) To withhold property from the owner permanently; or

(b) To restore property only upon payment of reward or other compensation; or

(c) To use or dispose of property in a manner that makes recovery of the property by the owner unlikely."

Although the thief who stole the fence posts was ultimately identified as Terry Jones, the charge in this case made no mention of Jones and there was no assertion of any community of action between appellant and Jones.[1] Thus, to convict appellant of receiving stolen property, there being no proof he was even aware of the theft before he was contacted by Fraser, it was necessary for the state to show appellant acquired possession of the property with a concurrent intent not to return it to Fraser until the reward had been paid.

Under the only evidence in the case on the subject, appellant did not have possession of the stolen property when he was paid the money by Fraser. It was therefore untenable to associate a withholding of the property from Fraser with any demand for payment, so long as the conduct of the thief, Jones, is not related to the acts of appellant. Moreover, the evidence was appellant immediately returned the fence

---

1. The fact that appellant admitted ultimate benefit from the reward payment, ostensibly in satisfaction of an unrelated debt owed appellant by Jones, supports a possibility that a charge could have been made against appellant under § 564.016 on a conspiracy theory or under §§ 562.036 and 562.041, RSMo.1978 on a claim that appellant aided Jones before or after the theft in extracting the payment from Fraser. The state, however, made no such charge or attempted to amend the information before trial.

posts to Fraser and did not withhold them for any period of time. In short, there was no evidence at all that appellant received the stolen property with the intent to deprive Fraser of his interest therein and thus, no submissible case was made.

The judgment is reversed and appellant is ordered discharged.

All concur.