STATE of Missouri, Respondent,

v.

Richard POTTER, Appellant.

No. 38505.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 7, 1977.

Appellant's Motion for Rehearing or
Transfer to Supreme Court Denied
Dec. 27, 1977.

John D. Ashcroft, Atty. Gen., Paul Robert
Otto, W. Mitchell Elliott, Asst. Attys. Gen.,
Jefferson City, Ronald R. McKenzie, Pros.
Atty., Marion County, Hannibal, for respondent.

William B. Spaun, Hannibal, for appellant.

CLEMENS, Presiding Judge.

A jury found defendant Richard Potter, acting in concert with his brother Ronald, guilty of stealing an outboard motor worth at least $50 (§§ 560.156 and 560.161), and fixed his punishment at four years' imprisonment. Judgment and this appeal followed.

The core issue is whether the state's evidence showed defendant was in the exclusive, unexplained possession of the recently stolen outboard between the time it was stolen on April 28, 1976 and the time defendant and his brother sold it the next morning. We relate the essential evidence.

The outboard motor, worth over $300, had been attached to Roy Hark's boat parked outside his home in Hannibal; on the morning of April 29, 1976 it was missing. Later that morning defendant's brother had the motor in his car trunk and in defendant's presence tried unsuccessfully to sell it to Jack Kolb for $60. Still later, defendant and his brother offered to sell the motor to Fred Brown for $75. Brown offered to pay $50; a bargain was struck and Brown "bought" it for $50. Defendant and and his brother carried the motor into Brown's place of business. In both transactions defendant and his brother, in each other's presence, said they had bought the motor in Michigan "quite sometime ago" for $150.

Within a few days defendant was arrested in Jefferson City and returned to Hannibal where he gave police a written statement, stating: He and his brother had come from Michigan and were doing "spot labor"; at a Hannibal bar, a man unknown to them offered to sell them the outboard motor. Defendant's brother bought the motor for $50 and later they sold the motor to Brown for $50.

Defendant offered no evidence and he challenges the sufficiency of the state's evidence, contending his possession of the stolen motor was neither exclusive nor unexplained, as required to support an inference of stealing.

In their briefs, both parties cite *State v. Gonzales,* 533 S.W.2d 268[5–6] (Mo.App. 1976), holding "the term 'exclusive' used in describing possession under the foregoing provision does not mean that possession must be separate and apart from all others, because joint possession may give rise to the same inference (citing cases). Yet, if the possession relied on to convict the defendant is joint with another, there must, at least, be some other evidence more than mere possession connecting the defendant with the offense." See also *State v. Ransom,* 500 S.W.2d 585[4] (Mo.App.1973), holding joint possession of recently stolen property gives rise to an inference of stealing. We hold the evidence concerning defendant's joint possession and joint efforts to sell the stolen motor met the requirement of "exclusive" possession of recently stolen property.

As said, defendant also contends there was no "unexplained" possession. He bases this on his statement to police that he bought the motor at the Hannibal tavern—this, in stark contrast to his statement to prospective purchasers that he and his brother had bought the motor in Michigan for $150. As presented to the trial court at time of ruling on defendant's motion for new trial, defendant either lied to the prospective purchasers or lied to the police. *State v. Cobb,* 444 S.W.2d 408[9, 10] (Mo. 1969) declares: "The jury determines the credibility of the defendant's explanation of his possession of the stolen property, and even though such explanation was not impeached [and it was here], the jury was entitled to disbelieve it and draw an inference unfavorable to him based on his possession."

We deny defendant's contention that exclusive, unexplained possession was not shown, and hold the evidence sufficient to warrant the guilty verdict.

 Defendant contends the court committed plain error in instructing twice on the "acting in concert" element. Counsel frankly acknowledges there was no objection either at trial or in his motion for new trial. Defendant does not demonstrate—nor do we find—any "manifest injustice or miscarriage of justice," as required for review under Rule 27.20(c).

Judgment affirmed.

DOWD and SMITH, JJ., concur.