**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John HARNESS, Defendant-Appellant.**

**No. 12796.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 20, 1983.

Motion for Rehearing and to
Transfer to Supreme Court Denied
July 5, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Donald L. Catlett, Asst. Public Defender, Rolla, for defendant-appellant.

John Ashcroft, Atty. Gen., Melinda Corbin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Presiding Judge.

In December 1981, defendant was charged with burglary in the first degree. A jury trial followed. Upon his conviction, the defendant was sentenced to imprisonment for ten years. By his first point on appeal, the defendant complains generally of the sufficiency of the evidence to support that conviction.

■ The evidence and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the state, disregarding all evidence and inferences to the contrary. *State v. Leach,* 633 S.W.2d 754 (Mo.App.1982); *State v. Powell,* 630 S.W.2d 168 (Mo.App.1982). On November 2, 1981, about 1:30 a.m., Teresa Gaston was awakened by a noise. The residence of Teresa Gaston was in a rural area south of Houston. It was reached by a private drive. Going to a window in the next room, she saw a man climbing through a window into the enclosed back porch. He had cut the screen and removed the window to gain entry. As it was dark, she was only able to see that "[h]e had kind of fuzzy hair." She returned to her bedroom and called her father and the Sheriff's Office. During this time she could hear the man shaking the door into the house. A short time later she heard the back door slam and then saw a pickup truck leaving her driveway. Mr. and Mrs. Gann, Teresa's father and stepmother, left their house almost immediately after they received Teresa's call. They lived about one half mile from Teresa. As soon as they pulled out of their driveway, they saw headlights come on and a vehicle pulled out of Teresa's driveway and onto the road. While they were stopped at an intersection, the vehicle passed directly in front of them. Mr. Gann identified the vehicle as a red and white beat-up Ford pickup truck with a camper shell. Both of them testified it only contained one person. Mrs. Gann described the person as medium height with curly hair. After making sure

Teresa was all right, Mr. and Mrs. Gann immediately left. As they approached the highway, they again saw the pickup truck go past them. The Ganns followed the pickup, flashing their headlights and honking their horn. The pickup pulled into the center of the highway so they were not able to pass it. The two vehicles traveled at speeds up to 90 m.p.h. When the Ganns decided the pickup was not going to stop, they went to the Sheriff's Office in Houston, Missouri. The dispatcher put out the license number of the pickup supplied by the Ganns. The defendant was quickly arrested driving the pickup and brought to the office. Upon seeing him Mrs. Gann exclaimed, "That's the same one." She based her identification on defendant's profile which she had seen twice when the pickup passed in front of them.

When asked about the incident, the defendant first said he knew where Teresa Gaston lived and knew her husband wasn't home. By way of a denial he asked, why would I want to go out there? He then denied being involved in the incident.

The defendant, at least inferentially conceding he drove the pickup from Teresa's home, contends mere presence at the scene is not sufficient to support the conviction. He argues there is no direct evidence to establish he entered the back porch. However, "[a] submissible case may rest purely upon circumstantial evidence, provided that the facts and circumstances are: consistent with each other; consistent with the hypothesis of guilt, and inconsistent with any reasonable hypothesis of innocence." *State v. McGowan,* 636 S.W.2d 354, 356 (Mo.App. 1982).

■ The events related took place in a rural area at 1:30 a.m. at a dwelling on a private drive. They occurred in a natural, instantaneous sequence. A fuzzy or curly-haired man broke into the back porch of that dwelling and was attempting to enter the dwelling itself. That attempt was soon terminated and was immediately followed by a curly-haired man starting the pickup. The Gann vehicle approaching Teresa's home was visible to him. It was obviously observed by him. Upon seeing that vehicle a few minutes later, he fled at a high speed. Under these circumstances, his flight carries an inference of a consciousness of guilt. *State v. Zerban,* 412 S.W.2d 397 (Mo.1967); *State v. Boyd,* 629 S.W.2d 434 (Mo.App. 1981). Within minutes after that flight the defendant was arrested driving the distinctive pickup. His statements to the officer were "untrue denials evidencing a consciousness of guilt." *State v. Zerban,* supra, at p. 400. "Substantial case law supports the evidentiary precept that exculpatory statements, when proven false, evidence a consciousness of guilt and bear directly on the issue of innocence before the trier of fact." *State v. Ross,* 606 S.W.2d 416, 425 (Mo.App.1980). There was sufficient evidence to support the submission of the case to the jury. *State v. Lottie,* 648 S.W.2d 908 (Mo.App.1983).

■ By his second point, the defendant more narrowly contends the evidence was not sufficient to establish he acted with intent to steal. Nothing was missing from the house. "The intent with which certain acts are done may be found, and frequently can only be found, from the attendant circumstances and must ordinarily be inferred from the facts in evidence." *State v. Washington,* 484 S.W.2d 267, 270 (Mo.1972). Defendant knew Teresa Gaston, where she lived and that her husband was not at home. The house was broken into in the early hours of the morning. A window was removed to gain entry. It seems defendant would have knocked at the door if he had a legitimate reason for being at the residence at 1:30 a.m. It is reasonable to infer from the circumstances that defendant entered the house for an illegal purpose. The house contained goods and items of value. There was sufficient evidence for the jury to believe defendant had the intent to steal. *State v. Lawrence,* 566 S.W.2d 243 (Mo.App. 1978). It is not necessary that the act of stealing be completed to show intent to steal. *State v. Arnold,* 534 S.W.2d 836 (Mo. App.1976). The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.