STATE of Missouri, Respondent,

v.

James GREENE, Appellant.

No. 45619.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1983.

---

Lee T. Lawless, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offense of burglary in the second degree, a violation of § 569.170, RSMo.1978, and was sentenced to a three year term of imprisonment with the Missouri Department of Corrections. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewing the evidence most favorably to the state, it was established that at approximately 1:30 p.m. on July 10, 1981, two police officers responded to a report of burglary in process

at 5229 Terry Avenue in the City of St. Louis. In the alley behind the house at that address, the officers saw three men, one of them identified as defendant, attempting to lift a heavy piece of machinery, later identified as a grinding machine, into the trunk of an automobile. A short distance away, a garage door stood open. There was also a gas tank, heater and pliers laying outside the garage. The garage was filled with equipment.

There were fresh pry marks on the garage door. In addition, there were fresh drag marks leading from inside the garage to where the three men were standing with the equipment. It had rained that morning, but the machines and equipment outside were dry.

The owner of the garage identified the equipment outside the garage as his and testified he had not given permission to anyone to take it. He stated that he had last seen the garage two days before July 10th and it was locked. He had last seen the equipment inside the garage.

Defendant testified that the equipment had been standing out in the alley for at least three or four days previously and he thought it was abandoned property. Defendant testified he and his friends were taking it to the junkyard to sell as scrap.

Defendant contends the trial court erred in giving Instruction No. 5 modeled after MAI–CR2d 23.52 modified by MAI–CR2d 2.12. The relevant portion of Instruction No. 5, the state's verdict director, provided as follows:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on July 10, 1981, in the City of St. Lou's, State of Missouri, the defendant or others knowingly entered unlawfully in a building located at 5229 Terry and owned by Calvin T. Lauda, and
>
> Second, that defendant or others did so for the purpose of committing the crime of stealing therein,
>
> then you are instructed that the offense of burglary in the second degree was committed, and if you further find and

believe from the evidence beyond a reasonable doubt:

> Third, that during the commission of such offense and with the purpose of furthering its commission the defendant aided such other persons in committing that offense,

then you will find the defendant guilty of burglary in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the propositions submitted in this instruction, you must find the defendant not guilty of that offense.

A person commits the crime of stealing if he appropriates property or services of another with the purpose of depriving him thereof, either without his consent or by means of deceit or coercion.

Prior to January, 1982, MAI–CR2d 2.12, as promulgated effective January 1, 1979, was in use. On April 14, 1981, the Supreme Court ordered MAI–CR2d 2.12 repealed and a new MAI–CR2d 2.12 adopted for use in cases tried after January 1, 1982. On February 16, 1982, however, the court issued an order reinstating the former MAI–CR2d 2.12 and repealed the new version. In its order of February 16, the court expressly ruled that the use of MAI–CR2d as provided in the order of April 14, 1981, between January 1, 1982, and April 1, 1982, "shall not be presumed to be error." 38 J.Mo.Bar 211–12 (1982).

This case was tried on January 19, 1982, so the use of MAI–CR2d 2.12 adopted April, 1981, is presumed not to be error. The order of April 14, 1981, provided for the use of six variants of MAI–CR2d 2.12, depending upon the role of defendant in committing the offense. Instruction No. 5 was modeled after paragraph 6 which is to be used "[w]here there is evidence that defendant was one of two or more persons who participated in an offense, but there is no evidence whether defendant was an active or an inactive participant." 37 J.Mo.Bar 272–73 (1981). On appeal, defendant contends that paragraph 5 was the appropriate

version to use. It is to be used "[w]here defendant was one of two or more active participants in an offense, but there is no evidence whether certain conduct was committed by defendant rather than by another active participant." 37 J.Mo.Bar 272 (1981).

"Active participant" is defined in the Notes on Use as "any person who engages in conduct, either by act or omission, which is an essential element of the crime. Thus, a person who knowingly enters unlawfully into a building with the purpose to steal therein is an active participant." *Id.* at 273–74. The phrase "inactive participant" is defined in the Notes on Use as "any person who at the time of the crime is not an active participant but is criminally responsible for the conduct of another or others." *Id.* at 274.

■ Paragraph 5 which defendant asserts was the correct form is only to be used where "defendant was one of two or more active participants in an offense . . . ." Here, the essential elements of burglary second degree were entering unlawfully into a building with the intent to steal. The offense was committed when the person or persons entered the garage with the intent to appropriate the property of another. The property did not have to be removed from the garage for the offense to have been committed. *See State v. Knabe,* 538 S.W.2d 589, 592–93 (Mo.App.1976).

■ The only direct evidence of defendant's conduct in this offense was that he assisted in moving the equipment outside the garage. This did not constitute an element of the offense and in accordance with the Notes on Use, it cannot be said that defendant was an active participant. Defendant may have entered the garage or he may have remained outside the garage and acted as a lookout or encouraged those inside the garage. Defendant's precise role in the commission of the offense is unknown. Consequently, Paragraph 6 to be used when there is evidence defendant was one of two or more participants in an offense, but there is no evidence whether defendant was an active or an inactive participant, was the correct version of MAI–CR2d 2.12 to use in these circumstances.

■ Defendant also contends that it was error for the verdict director to define the term "stealing." We disagree. The directions for paragraph 6 of MAI–CR2d 2.12 require that all essential elements of the offense must be submitted. Further, MAI–CR2d 2.04 requires that all essential elements of the offense be submitted in a verdict director. We find no merit to this point.

■ Next, defendant asserts the court erred in giving Instruction No. 8[1] modeled after MAI–CR2d 2.10. Defendant correctly asserts that at the time the April, 1981, version of MAI–CR2d 2.12 was adopted, the Supreme Court ordered that effective January 1, 1982, MAI–CR2d 2.10 be withdrawn. 37 J.Mo.Bar 270 (1981). It has now been reinstated. Thus, at the time of trial, MAI–CR2d 2.10 was not an approved instruction and the giving of it was error, its prejudicial effect to be judicially determined. Rule 28.02(e).

MAI–CR2d 2.10 accurately states the law relating to criminal responsibility for the conduct of another and is now an approved instruction given along with MAI–CR2d 2.12. We have concluded that defendant could not have been prejudiced by giving this instruction.

In defendant's last point, he asserts the trial court erred in failing to fill in the

---

1. A person is guilty of an offense if it was committed by conduct for which he is criminally responsible, whether that conduct was his own or that of other persons or both his own conduct and that of others.

A person is criminally responsible for the conduct of others in committing a particular offense when, either before or during the commission of an offense, with the purpose of promoting the commission of that offense he aids such other persons in committing that offense.

The presence of a person at or near the scene of an offense at the time it was committed is alone not sufficient to make him responsible therefor, although his presence may be considered together with all of the evidence in determining his guilt or innocence.

blank for the applicable verdict directing instruction in the verdict form given to the jury.

 The verdict form given to the jury stated as follows: "We, the jury, find the defendant James Greene guilty of burglary in the second degree as submitted in Instruction No. _____." The Notes on Use to MAI–CR2d 2.86 on verdict forms states, "[a]ll blanks for the applicable verdict directing instruction must be filled in by the court before giving the verdict forms to the jury." It was clearly error to give the verdict form to the jury without the number of the verdict directing instruction. However, there was no prejudice to the defendant.

After the jury returned its verdict and was polled, it was noticed that the foreman had filled in the blank on the verdict form with his juror number. The following then transpired:

THE COURT: Mr. Foreman, would you please rise. Mr. Foreman, the verdict form that you have filled out is in your handwriting? Is that your handwriting, sir?

FOREMAN: Yeah, that's it, correct.

THE COURT: Now, your juror number is 34?

FOREMAN: Yeah, right. That's correct.

THE COURT: Now, sir, we only gave Instructions 1 through 11. Which one of these Instructions did you use in arriving at your verdict?

FOREMAN: Number 1 on there. See, we all agree on—let's see. Yeah, here it is here, Number 5.

THE COURT: Let the record show that the Foreman of the jury has just handed me Instruction No. 5, after examining all of the jury Instructions that were given to the panel.

The court then asked defense counsel if there was any other record he would like to make or "have we sufficiently clarified the matter." Defense counsel replied that he believed "that would be sufficient."

Instruction No. 5 was the verdict director for second degree burglary. It was the *only* verdict director in the instructions allowing the jury to find defendant guilty. There is not the slightest indication as defendant asserts that the jury was confused or misled. There is no merit to defendant's point.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.