STATE of Missouri, Appellant,

v.

Thomas I. SIMPSON, Respondent.

No. 47130.

Missouri Court of Appeals,
Eastern District,
Division Six.

May 9, 1984.

Robert Jackson Maurer, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Defendant Thomas I. Simpson appeals from a conviction for burglary in the first degree, § 569.160, RSMo 1978. Defendant was found guilty by a jury and was sentenced, as a persistent offender, to a period of thirty years imprisonment. We affirm.

On Labor Day, September 6, 1982, an outdoor barbeque was held at the residence of Paulette Askew, where Ms. Askew's sister Norma Green was also then living. Among the guests was Carlos Hogan, whom Ms. Green had begun dating after terminating her relationship with defendant. At approximately 8:00 or 8:30 p.m., Mr. Hogan went inside the apartment to use the bathroom. Ms. Green testified that she observed defendant, wearing dark

clothing and a stocking cap mask, burst into the apartment and bathroom behind Hogan and begin to beat Hogan. During the struggle, the stocking cap was pulled off defendant's head. Although there was conflicting evidence as to whether defendant used a weapon to beat Hogan, Hogan testified that defendant pistol-whipped him with a handgun and then fired at him, but the gun misfired. He further testified that during the struggle, defendant shouted obscenities and threatened to kill him. Ms. Green testified that defendant had become extremely upset when she terminated their relationship and began dating Hogan. After defendant continued to hit Hogan, several guests at the Askew apartment pulled defendant off Hogan and restrained him until the police arrived.

Defendant was subsequently charged with burglary in the first degree and assault in the first degree; a jury acquitted defendant of the assault but convicted him of burglary.

Defendant argues on appeal that the jury's acquittal of the assault charge rendered an insufficient basis upon which to predicate a conviction of burglary. Not so.

■ The determinative question to be asked is whether the offense of which defendant was acquitted "requires proof of an element unique to that crime and distinct from the elements of the offense of which defendant was found guilty." *State v. Dominique,* 619 S.W.2d 782, 785 (Mo. App.1981). A person commits the crime of burglary in the first degree if he *enters* unlawfully a building or inhabitable structure *for the purpose of committing a crime therein,* and is armed with a deadly weapon, or threatens immediate physical injury to another person, or there is present in the structure a non-participant in the crime. § 569.160, RSMo 1978. Corresponding to the statute, Instruction No. 9 was submitted to the jury, requiring them to render a guilty verdict if they believed defendant "Knowingly entered unlawfully in an inhabitable structure located at 9115 Wrenwood Lane and possessed by Paulette Askew," and he did it "for the purpose of

committing the crime of assault therein," and while in the structure Carlos Hogan (victim) and Paulette Askew (premises owner) were present and were not participants in the crime. Assault was defined as "an attempt to kill or to cause serious physical injury to another person."

Instruction No. 7, submitted to the jury, stated that if the jury believed that defendant "attempted to kill or cause serious physical injury to Carlos Hogan by striking him with a handgun and attempted to shoot him with a handgun," they must find defendant guilty of assault in the first degree.

■ The essential element to support a burglary conviction is the intent to commit an offense upon entering the premises. It is not necessary that the offense *be* completed after the entry, despite the reason for the failure to so consummate it. *State v. Faber,* 499 S.W.2d 790, 794 (Mo. 1973); *State v. Greene,* 655 S.W.2d 714, 717 (Mo.App.1983); *State v. Harness,* 654 S.W.2d 297, 299 (Mo.App.1983). Breaking into a building with such intent constitutes the basic element of burglary. See *State v. Chandler,* 635 S.W.2d 338, 342 (Mo.banc 1982). The intent element of burglary is generally "not susceptible to direct proof;" however, the foregoing facts properly establish, by means of circumstantial evidence, that defendant entered Askew's apartment *for the purpose* of assaulting Hogan. *State v. Tolson,* 630 S.W.2d 611, 612–613 (Mo.App.1982).

■ In the instant case, the elements of the first degree assault instruction do not overlap with those in the burglary instruction. If, as Instruction No. 9 is written, defendant entered the Askew apartment *for the purpose* of committing an assault, the intent element of burglary is met. In the burglary instruction, the jury was not required to find whether defendant *committed* an assault, or even that he entered the premises with the purpose of committing assault in the *first degree.* The term "assault" was defined in the burglary instruction as "an attempt to kill or

to cause serious physical injury to another person." Here the jury reasonably could have found that defendant entered the apartment for the *purpose* of committing a crime therein, but also found that the evidence concerning defendant's acts after his entry left them with a reasonable doubt as to whether the crime of assault in the first degree had been consummated. Moreover, "[t]he rule has become firmly established in recent years that in a multi-count prosecution, inconsistency between verdicts on the various counts is not fatal." *Dominique,* supra, at 786. See *State v. Smith,* 609 S.W.2d 720, 722 (Mo.App.1980). For these reasons, defendant's point must fail.

Defendant also complains on appeal that the trial court erred in failing to declare a mistrial *sua sponte* for remarks made by the prosecutor during his closing argument. The prosecutor made the following statements: "This is not the most serious crime in the State of Missouri. If he had succeeded in doing what he attempted to do that night, then it would have been the most serious crime in the State of Missouri: murder. He is a murderer; he attempted to kill Carlos Hogan." Defense counsel raised an objection, which the trial court promptly sustained.

We conclude that defendant received all the relief that he requested at trial. However, defendant would argue that the trial court should have taken, on its own motion, additional remedial action than was requested. In this, defendant is mistaken.

As here, where the trial court grants all the relief requested, "defense counsel's satisfaction with the corrective measures taken is assumed, and nothing is preserved for subsequent review." *State v. Gordon,* 649 S.W.2d 903, 907 (Mo.App.1983). Defendant's request for a mistrial comes too late. *State v. Mabry,* 602 S.W.2d 1, 2 (Mo.App. 1980). Although we do not encourage such remarks by a prosecutor, we have considered them in light of the context of the entire trial and conclude that it was obvious that defendant was not a "murderer,"

and that the jury could not have been misled by such overstatement.

The judgment is affirmed.

STEPHAN, P.J., and SIMON, J., concur.