STATE of Missouri, Respondent,

v.

Leon THOMAS, Jr., Appellant.

No. 50380.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 3, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
July 9, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Maria V. Perron, St. Louis, for appellant.

John M. Morris, III, Office of the Attorney General, Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Leon Thomas, Jr., appeals from a conviction by a jury for burglary in the first degree. § 569.160, RSMo (1978). He was sentenced to fifteen years' imprisonment. We affirm.

The evidence was that defendant entered the victim's home through a window. The victim testified that defendant told her he wanted to "make love" to her and that he had sexual intercourse with her after a brief struggle. Medical tests did not reveal the presence of seminal fluid or of sperm.

Defendant was charged with burglary in the first degree and rape. A jury acquitted defendant of rape but convicted him of the burglary.

Defendant's sole allegation of error is that the verdicts were inconsistent. He argues that the acquittal on the rape count negated the intent element essential to conviction on the burglary count. Defendant asserts that a finding that he was guilty of rape was a condition precedent to a finding of guilty of burglary first degree.

The fundamental question to be asked is whether the offense of which defendant was acquitted "requires proof of an element unique to that crime and distinct from the elements of the offense of which defendant was found guilty." *State v. Dominique*, 619 S.W.2d 782, 785 (Mo.App.1981). A person commits the crime of burglary in the first degree if (1) he unlawfully enters a building (2) for the purpose of committing a crime therein and (3) a non-participant in the crime is present in the structure. § 569.160. In conformity with the statute, the verdict directing instruction, Instruction No. 6, required the following: (1) entry into the building; (2) *for the purpose of* committing the crime of rape there-

in; and (3) the victim's presence in the structure and her non-participation in the crime.

"The essential element to support a burglary conviction is the *intent* to commit an offense upon entering the premises." *State v. Simpson,* 670 S.W.2d 577, 579 (Mo.App.1984) (emphasis added). It is not necessary that the offense be completed after the entry. *Id.* It therefore was not necessary for the jury to believe that defendant actually raped the victim.

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.