Thomas SIMPSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 53251.

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 1988.

Application to Transfer Denied
July 26, 1988.

Elizabeth R. Brown, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, L. Timothy Wilson, Asst. Attys. Gen., Jefferson City, for respondent.

---

GARY M. GAERTNER, Presiding Judge.

Movant Thomas Simpson appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted by a jury of burglary in the first degree, RSMo § 569.160 (1978), for which he was sentenced as a persistent offender to thirty years imprisonment. This court affirmed the conviction on direct appeal. *State v. Simpson*, 670 S.W.2d 577 (Mo.App., E.D. 1984). In his Rule 27.26 motion movant alleged that he was improperly convicted as a persistent offender and that trial counsel was ineffective in failing to locate a witness and in failing to interview or elicit favorable testimony from a State's witness. On appeal movant argues that the motion court erred in denying his motion. We affirm.

Initially we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j).

[1] Movant first asserts he was improperly convicted as a persistent offender because neither he nor his attorney were permitted to present evidence concerning name variations between the convictions presented by the State and movant's name. At movant's trial, the State offered three separate and prior felony convictions under the name of Thomas Simpson. Movant's attorney objected to the admission of these convictions on the ground it was not established that movant was the same Thomas Simpson who committed the prior offenses. At the evidentiary hearing, the only evidence movant produced on this issue was the transcript of the status hearing which contained movant's objection to the admission of the prior convictions. Neither in the trial court, the evidentiary hearing, nor in this court has movant offered a scintilla of evidence to show he is not the Thomas Simpson who was convicted of the prior felonies.

We first note that movant's contention was not raised on direct appeal. Such allegations may not be raised for the first time in a Rule 27.26 absent rare and exceptional circumstances. *Fingers v. State*, 680 S.W. 2d 377, 379 (Mo.App., S.D.1984); *Medley v. State*, 639 S.W.2d 401, 403 (Mo.App., E.D. 1982). Movant has not shown such circumstances in this case.

In any event, "[w]hen a defendant's first and last names are the same as the first and last names shown on the record of a previous conviction, the State has made a prima facie showing of identity." *State v. Stanback*, 719 S.W.2d 896, 899 (Mo.App., E.D.1986). If movant had evidence to rebut this prima facie evidence, he did not produce it during his evidentiary hearing. Therefore, point one is denied.

Movant next asserts he was denied effective assistance of counsel because his lawyer did not locate, contact, and produce at trial defense witness Bobbie Stanley, and did not interview State's witness Kenneth Ragland prior to trial or elicit favorable evidence from Ragland at trial.

Movant's trial counsel testified that he attempted on several occasions to locate Stanley using an incomplete address supplied to him by movant. He further stated he contacted the sheriff's department, the telephone company, and a mutual friend of Stanley and movant in an attempt to locate the witness, but all attempts proved futile. Counsel conducted a reasonable investigation using the information he was given. " '[A] lawyer is not required to be clairvoyant, and he must of necessity rely on information furnished him by his client.' " *Jarmon v. State*, 740 S.W.2d 248, 249–50 (Mo. App., E.D.1987) (quoting *Johnson v. State*, 479 S.W.2d 416, 420 (Mo.1972)).

With regard to Ragland, movant testified he never asked his attorney to contact Ragland prior to trial and introduced no evidence as to what favorable testimony Ragland could have given if contacted by his attorney. Thus the court was correct in denying this claim since movant failed to show how further efforts on the part of his trial counsel would have aided movant's position. *Haslip v. State*, 717 S.W.2d 533, 536 (Mo.App, S.D.1986).

Finding no merit to movant's arguments on appeal, the judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.