# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 95-2490

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Durhan J. Clay, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: February 28, 1997

Filed: March 17, 1997

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

A jury found Durhan J. Clay guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). At sentencing, the district court[1] found that Clay was subject to an enhanced sentence under section 924(e) (mandatory minimum sentence required where section 922(g) offender "has three previous convictions . . . for a violent felony"). Clay appeals his conviction and sentence, and we affirm.

Clay first challenges the sufficiency of the evidence as to whether he knowingly possessed a firearm. We reject Clay's challenge, because we believe a rational trier of fact could have found beyond a reasonable doubt that Clay constructively possessed

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

the firearm in question.  The government presented evidence that Clay was seen driving the car in which the firearm was found; that Clay exited the car and walked away both times police drew near; and that the firearm was found on the driver's seat, upon which Clay had been sitting.  See United States v. Walcott, 61 F.3d 635, 638 (8th Cir. 1995) (standard of review), cert. denied, 116 S. Ct. 953 (1996); cf. United States v. Eldridge, 984 F.2d 943, 946 (8th Cir. 1993) (affirming § 922(g) conviction based on constructive possession; finding constructive possession where defendant had control of keys to trunk of car in which firearms were located, and sufficient evidence was introduced to allow reasonable juror to conclude defendant knew of firearms' location).

Next, Clay argues that the district court improperly enhanced his sentence, because Clay's prior Missouri conviction for attempted first-degree burglary is not a violent felony for purposes of section 924(e)(2)(B)(ii) (stating, in relevant part, that "violent felony" means burglary, or crime otherwise involving "conduct that presents a serious potential risk of physical injury to another").  As Clay did not raise this issue below, we review for plain error.  See United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1991).  In Missouri, burglary in the first degree consists of unlawfully entering a building for the purpose of committing a crime inside while a nonparticipant in the crime is present.  See State v. Thomas, 715 S.W.2d 9, 9 (Mo. App. 1986).  To be guilty of attempt in Missouri, the offender must perform an act that is a "substantial step" towards committing the offense, and must do so with the purpose of committing the offense.  See Mo. Rev. Stat. § 564.011 (1994).  We believe Missouri's law on attempted burglary is similar to Minnesota's attempted-burglary law, which we held punishes only conduct carrying a serious potential risk of physical injury to another.  See United States v. Solomon, 998 F.2d 587, 589-90 (8th Cir.) (attempted burglary in Minnesota constituted "violent felony" for purposes of 924(e)(2)(B)(ii); essential elements of attempted burglary in

Minnesota are intent and substantial step towards completion), <u>cert. denied</u>, 510 U.S. 1026 (1993); <u>see also</u> <u>United States v. DeMint</u>, 74 F.3d 876, 878 (8th Cir.) (per curiam) (Florida's attempted-burglary law constituted "violent felony" under § 924(e)(2)(B)(ii) where attempted-burglary elements included specific intent and overt act going beyond mere preparation), <u>cert. denied</u>, 117 S. Ct. 364 (1996).  We find no plain error.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.